Frank W. Howes et al., Appellees, v. John C. Sprankle et al., Appellants.

### Gen. No. 14,166.

1. MECHANIC'S LIENS—*who not agent of owner to receive sworn statement provided for by section 5.* A trustee named in a trust deed securing the loan provided for the construction of the building upon the property upon which a lien is sought, while for some purposes the agent of both the mortgagee and the owner, is not an agent, unless specially so authorized, to receive the sworn statement provided for by section 5 of the Mechanic's Lien Act.

2. MECHANIC'S LIENS—*when subcontractor not entitled to lien.* A subcontractor is not entitled to a lien (no money being due to the contractor) unless notice of his claim has been brought to the owner in some one of the ways specified by section 21 of the Mechanic's Lien Act.

Mechanic's lien. Appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in this court at the October term, 1907. Reversed. Opinion filed February 4, 1909.

FREDERICK MAINS, for appellants.

DUNN & HAYES, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Appellees filed their petition for a mechanic's lien, under the Illinois statute concerning mechanics' liens,

upon property of appellant, John G. Sprankle, numbered 5012 Michigan avenue, Chicago. The appellant Moses R. Greenebaum is trustee in a trust deed given by Sprankle conveying the property as security for a loan of $9,000. The cause was referred to a master, who reported in favor of the lien being established and recommended that a decree to that effect be entered. The objections to the master's report, after being overruled by him, were by leave of court allowed to stand as exceptions before the chancellor to the master's report, which exceptions the chancellor overruled and entered a decree in accordance with the master's recommendations, from which decree this appeal is prosecuted.

The lien sought to be established is that of a subcontractor.

C. B. Fockler contracted with Sprangle, the owner, to furnish the carpenter work and certain hardware for Sprankle's building for $3,459. Fockler made a contract with appellees to furnish certain lumber to be used in the construction of Sprankle's building to the amount of $900, and they claim that they in fact furnished such lumber to the value of $1,038.58, and that there remained due and unpaid thereon $438.58; that the last delivery of material was made April 7, 1904, at which time the last payment became due; that before Fockler completed his contract, and on March 28, 1904, he abandoned it, and Sprankle, at his own cost, completed the Fockler contract, so that at the time appellees sought to enforce their lien no money was due Fockler upon his contract for any work done or material furnished by him thereunder; that Greenebaum, from money in his hands, proceeds of the $9,000 loan, made two payments to appellees of $300 each, one on January 12, 1904, and the other on February 9, 1904; that for each of these payments Seator, the architect in charge of the work on the building, issued a certificate to Fockler, addressed to Sprankle,

who endorsed thereon an order to Greenebaum Sons for its payment.

The master reported that on January 11, 1904, Fockler made a sworn statement and delivered the same to Greenebaum, showing the amount then due appellees and the further sum of $300 to become due them for material to be furnished. The master further reports "that Sprankle did not have personal knowledge or notice of said sworn statement of January 11, 1904."

In the view we take of this record, the right to sustain the decree establishing a lien rests upon the question as to whether Greenebaum was the agent of Sprankle to receive the sworn statement made by Fockler, the contractor, so that delivery to Greenebaum was a sufficient compliance with the statute and constructive notice to Sprankle, the owner, of its contents. The master having found that Sprankle did not have actual notice, appellees can only prevail upon the theory that through the agency of Greenebaum service upon him as agent by construction was tantamount to service upon Sprankle as principal.

There is no evidence, in this record that Greenebaum was the agent of Sprankle for the purpose of receiving for him sworn statements provided to be furnished the owner in section 5, chapter 52 R. S., title "Liens." Greenebaum was trustee, and as such the agent of the lender as well as the borrower in paying out money on the loan. He was interested as such trustee in protecting the mortgaged property from liens accruing in the construction of the building on the mortgaged real estate, so that the lien of the mortgage for the amount loaned should not be impaired. Falker, a clerk in the Greenebaum bank, testified that contractor Fockler's statement was taken and acknowledged before him; that it was taken before any payments were made and for the purpose of making payments to contractors from the money loaned. Greenebaum says the sworn statement was procured

by his assistant before paying vouchers from the loan. Sprankle testifies that the amount of the loan was paid out on orders directed to Greenebaum Sons, "the same as if I were to issue an order or check on them;" that he knew nothing about the sworn statement of January 11, 1904, until shown to him at the Greenebaum bank about May 1, 1904, and that he did not know that appellees were furnishing lumber for his building until after Fockler abandoned work thereon under his contract March 28, 1904.

The proof fails to support the contention that Greenebaum was the agent of Sprankle to receive contractor Fockler's sworn statement. It is not pretended by any witness testifying that this statement was received by Greenebaum otherwise than on his own account and for his own protection in paying out the money loaned. For the purpose of paying out the money Greenebaum was the trustee of both borrower and lender, but this was the extent and limit of his agency. So far, therefore, as Sprankle, the owner, is concerned, the sworn statement required by the statute was not made to him, or to any one for him authorized to receive it, so as to fasten notice upon him.

Appellees' claim rests for its support on those sections of the Lien Act *supra* applicable to subcontractors. Section 21 is controlling of their rights. In regard to the notice under discussion this section provides: "But where the contractor's statement, made as provided in section five (5), shows the amount to be paid to the subcontractor, or party furnishing material, or the subcontractor's statement, made pursuant to section twenty-one (21), shows the amount to become due for the material, or notice is given to the owner, as provided in sections twenty-four (24) and twenty-five (25)  *  *  *  then and in any of such cases such subcontractors  *  *  *  shall have a lien therefor to the extent of the amount named in such statements or notice." Neither of these provisions having been

complied with, the foundation for the right to maintain the action is absent, and consequently, regardless of all other questions, it is patent that appellees have failed to establish their right to a lien upon appellant Sprankle's property, or their right to supersede the lien of the Greenebaum trust deed.

As it is our opinion, for reasons already assigned, that appellees cannot maintain their claim for a lien, the decree of the Superior Court is reversed without remanding.

*Reversed.*